JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MTS LOGISTICS, INC.<br><br>                    Plaintiff(s),<br><br>            -against-<br><br>STONE TILE DIRECT, LLC<br><br>                    Defendant(s). | 10 CV ____<br><br><br><br>COMPLAINT |

PLEASE TAKE NOTICE that Plaintiff(s), MTS LOGISTICS INC. ("MTS"), by their attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant(s), STONE TILE DIRECT, LLC ("STONE TILE"), allege, upon information and belief, as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2.      Plaintiff MTS LOGISTICS INC. is a legal entity duly organized and existing pursuant to the laws of the United States with offices and a place of business located within the jurisdiction of the United States District Court for the Southern District of New York.

3.      Defendant STONE TILE is a business entity organized and existing pursuant to the laws of the United States with offices and a place of business located at 2405 W. Princeton St. Suite 7 Orlando, Fl. 32804.

4.      The United States District Court for the Southern District of New York is the proper venue for this action, as Plaintiffs MTS reside and/or maintains a principal place of business within the Southern District of New York.

5. The United States District Court for the Southern District of New York is the proper venue for this action, as the governing bill of lading and contract provides for jurisdiction in said court.

6. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST STONE TILE

7. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "6" as if specifically set forth herein at length.

8. At all times relevant herein, Defendant STONE TILE entered into agreements, and/or bills of lading and/or waybills, with Plaintiff for the carriage, storage, handling, care and/or maintenance of Defendant's cargoes by Plaintiff in consideration for payments by Defendant to Plaintiff for said services.

9. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with Defendant's goods.

10. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, misdeclaring and or/ misdescribing the weight of the cargo being shipped to it under the subject agreement(s) between the plaintiff and defendant and in failing to pay freight, demurrage, detention, port fees, tariffs and other associated costs arising out of said wrongful acts.

11. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreement(s) by, *inter alia*, failing to pay freight, demurrage, detention, port fees, port expenses, tariffs and other associated costs.

12. As a result of Defendant's breach of the subject agreements Plaintiff has

incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the agreements and at law.

13. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

14. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the agreements and at law.

15. By reason of the foregoing, Plaintiff has sustained damages in the amount of no less than $30,000.00, together with interest, costs, fees, and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST STONE TILE

16. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "14" as if specifically set forth herein at length.

17. Defendant has an account stated with the Plaintiff.

18. By reason of the foregoing, Plaintiff has sustained damages in the amount of $30.000.00, together with interest, costs, fees, and expenses.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST STONE TILE

19. Plaintiff repeat and reiterate each and every allegation contained in paragraphs "1" through "17" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the <u>quantum meruit</u> of Plaintiff's services.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST STONE TILE

21. Plaintiff repeat and reiterate each and every allegation contained in paragraphs "1" through "20" as if specifically set forth herein at length.

22. Plaintiff had become indebted to third parties for the amounts due from defendant and is entitled to full indemnity from defendant for all such liabilities incurred.

WHEREFORE, Plaintiff prays:

(A). that judgment be entered in favor of Plaintiff for an amount exceeding THIRTY THOUSAND DOLLARS (**$30,000**.00), plus interest, fees, including attorneys' fees, costs, and disbursements;

(B). that Court process be issued against the Defendant; and

(C). that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: New York, New York

     September 22, 2010

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiffs
                              MTS LOGISTICS INC.

By: _____
       Edward A. Keane (EK 1398)
       11 Hanover Square, Tenth Floor
       New York, New York 10006
       Tel (212) 385-1422
       Fax (212) 385-1605
       <u>Our File No. 12/4037</u>

SERVICE LIST

STONE TILE DIRECT, LLC
2405 W. Princeton St. Suite
Orlando, Fl. 32804.